ORDERED ACCORDINGLY.

Dated: December 9, 2019



_____
**Brenda K. Martin, Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In re: | Chapter 13 |
|---|---|
| **MARK E. STUART**, | Case No. 2:19-bk-05481-BKM |
| Debtor. | **ORDER FOR MATTER HELD UNDER ADVISEMENT** (Motions at docket nos. 68 & 70) |

After reviewing the *Debtor's Emergency Motion to Enforce the Bankruptcy Stay Against Creditor City of Scottsdale and For Violation of the Automatic Stay and Request to Prove Compensatory and Punitive Damages Under 11 U.S.C. § 362(k)* (docket no. 68) and *Debtor's Emergency Motion for Civil Contempt Order for Creditor City of Scottsdale, its Agent Eric Anderson and its Counsel Katherine Anderson-Sanchez and Vail Cloar for Ongoing Violations of the Automatic Stay Under 11 U.S.C. § 362(a)* (docket no. 70), and the City of Scottsdale's responses thereto (docket nos. 79 and 80), and having heard oral argument of the parties on December 5, 2019, this Court ruled from the bench that 1) the bankruptcy stay of 11 U.S.C. § 362(a)[1] does not

---
[1] The Court shall refer herein to the automatic stay of Section 362(a) as the 'bankruptcy stay' to avoid any confusion with the Court of Appeals decision to stay, or pause, its proceedings.

prohibit Debtor from proceeding with his appeal before the Court of Appeals (appellate docket no. CA-CV 18-0154); and 2) the bankruptcy stay does prohibit the City from pursuing collection of any judgment or claim sustained or awarded by the Court of Appeals. The Court did not rule as to whether relief from the bankruptcy stay is necessary for the City to proceed unfettered in the appeal, as the issue has not been adequately briefed. The Court also took under advisement the issue of whether the action of the City (or its agents as named in the motions) in filing *Appellees' Notice of Bankruptcy Filing And Request to Stay Proceedings* with the Court of Appeals (the "Stay Notice") constituted an action to control an asset of the estate in violation of the bankruptcy stay and, if so, whether the City (or its agents) should be sanctioned or otherwise held liable for damages. The Court is now ready to rule on the matters taken under advisement.

The Debtor urges the Court to determine that the Stay Notice was an action to control an asset of the Debtor's estate (ie: the appeal) in violation of the automatic stay of Section 362(a)(3). Notably, the Stay Notice advises the Court of Appeals of Debtor's Chapter 13 filing and requests as follows:

> Among other things, the issues in this matter include a judgment entered against Mark Stuart. In accordance with the 'automatic stay' of 11 U.S.C. Section 362, the City requests that all pending matters in this case, including any scheduled hearings, be stayed pending resolution from the bankruptcy proceedings.

In response to the Notice of Stay, the Court of Appeals allowed the Debtor to respond, to explain why the matter should not be stayed. The Debtor did so, citing a myriad of cases for the proposition that whether an action is stayed under Section 362(a) is determined by whether the action began as an action by or against the debtor. *See, e.g., In re Miller*, 397 F.3d 726, 729 (9th Cir. 2005) ("The automatic stay is applicable only to proceedings against the debtor."); and *Eisenger v. Way* (*In re Way*), 229 B.R. 11, 13 (9th Cir. BAP 1998). As the Debtor correctly argues,

Case 2:19-bk-05481-BKM    Doc 92    Filed 12/09/19    Entered 12/09/19 15:30:51    Desc
Main Document    Page 2 of 7

actions originally commenced by a debtor are generally not stayed, whereas actions commenced against a debtor generally are.

Of course, case law is equally clear that, although an action commenced by a debtor is not stayed by a bankruptcy filing, and a defendant may generally defend itself without violating the stay, counterclaims or actions brought by a defendant against the debtor are stayed. *See, e.g., In re Miller*, 397 F.3d at 731-732 (noting that, while "there is substantial authority that the stay is inapplicable to postpetition defensive actions in a prepetition suit brought by the debtor," an attorney fee claim arising from defendant's counterclaim was stayed upon plaintiff's bankruptcy); and *Parker v. Bain*, 68 F.3d 1131 (9th Cir. 1995) (debtor's counterclaim was not stayed upon chapter 11 filing, though main case against debtor was stayed). Accordingly, under such circumstances, a debtor may be free to proceed in the action unfettered by the bankruptcy filing, while the non-debtor party is not.

In this case, the City concedes that the bankruptcy stay did not stay Debtor from proceeding with the appeal and the Court has so ruled. With that issue resolved, the Debtor argues this Court must find the City violated the bankruptcy stay by requesting the Court of Appeals stay the appeal.

As noted, Debtor's argument rests on the premise that the City's action in filing the Stay Notice constituted an action to control an asset of the estate. However, the Debtor has cited no cases (and the Court is aware of none) holding that notifying a court incorrectly that a stay is in place constitutes an act of control. The Debtor does cite to cases where courts have held that injunctive actions by defendants have been stayed, but those are clearly distinguishable from the situation here where the City merely requested the Court of Appeals pause the Debtor's appeal.

The closest case the Court could find to a similar situation (and not very) is *Sternberg v. Johnston*, 582 F.3d 1114 (9th Cir. 2009), where the debtor's soon to be ex-spouse urged the family

state court to proceed to hear her motion for contempt against her husband. The spouse in *Johnston* wrongly urged the family state court that her husband's bankruptcy did not stay the proceeding before it, which proceeding resulted in an arrest warrant being issued against the husband. The bankruptcy court thereafter quashed the warrant as void and the debtor sued the spouse for violating the bankruptcy stay. Ultimately, the Ninth Circuit ruled that the spouse not only violated the stay by urging the family state court to issue the warrant, but by continuing to urge on appeal that the family state court's order was not void.

Of course, in this case, the City did not request the Court of Appeals act in violation of the stay. Even assuming the City misled the Court of Appeals about the effect of the bankruptcy stay, in stark contrast to *Johnston*, it cannot be argued that the Court of Appeals violated the bankruptcy stay by choosing to postpone matters on its calendar.

The Court of Appeals' *Order Staying Appeal* was of the generic type this Court sees routinely in response to suggestions of bankruptcy. The Court of Appeal stayed/paused the proceeding before it, as it is entitled to do for any reason of its choosing.[2] It is generally understood that trial and appellate courts routinely stay entire proceedings—even when the entire proceeding is not impacted by the bankruptcy, so that one or more parties may take necessary steps to seek relief form the bankruptcy stay *if appropriate* to preserve their rights. Moreover, in this instance, it is not completely clear that the stay did not impact the City. While the City does not have counterclaims (which would clearly be stayed), it may determine it needs stay relief to pursue fees and costs (or even sanctions) on appeal.[3] Although the parties have not briefed this issue, it appears

---

[2] Clearly, the Court of Appeals has the discretion to manage its calendar and this Court has no jurisdiction to hold otherwise.

[3] Debtor also argues that the City is violating the bankruptcy stay by *not* seeking relief to proceed in the appeal. Such

the Ninth Circuit Bankruptcy Appellate Panel has at least considered that relief might be necessary under such circumstances. *See, In re Merrick*, 175 B.R. 333, 337-338 (9th Cir. BAP 1994) (noting in its analysis, but not determining, that an award of fees might constitute an action against the estate requiring stay relief). The City may have simply been acting cautiously in seeking a stay, and certainly the Court of Appeals was, which is its prerogative.[4]

While the Debtor may be unhappy with the Court of Appeals decision, the Court finds the City's filing of the Notice of Stay requesting the Court of Appeals pause its proceeding was not an action to control an asset of the estate under Section 362(a)(3). Accordingly, the City did not violate the bankruptcy stay. Likewise, there was no contempt and no sanctions can be due.[5]

The Court is cognizant that the Debtor believes the Stay Notice was a deliberate, tactical move by the City to postpone or deprive him of his day in court. This argument might be difficult to prove given the Court ruling here, but if, in fact, the City acted in bad faith by filing its Notice of Filing, the proper forum to address it is the Court of Appeals, as the court before which such conduct occurred.[6]

---

argument has no merit. The appeal can proceed when the Court or Appeals determines it should. If the City participates in the appeal, it will have to determine (at its peril, if wrong) whether its actions implicate the bankruptcy stay and whether relief is required.

[4] Importantly, the Court of Appeals did not rule regarding the bankruptcy stay and did not order the City (or any other party) to move for relief. Rather, it directed the Debtor to advise it in an order was entered terminating any stay or dismissing the case. Because the Court of Appeals asserted no jurisdiction with respect to the bankruptcy stay, Debtor's argument that the Court of Appeals lacks subject matter jurisdiction is without merit.

[5] Moreover, to hold otherwise would be unwise from a policy perspective. Given the steep sanctions that can follow from a stay violation, to find a violation under circumstances where the creditor was being overly cautions to not violate the stay, would set a dangerous precedent.

[6]The Court takes no position as to whether the facts support Debtor's argument but notes that the suggestion of damages arising from the City's conduct may be undermined by the Debtor's own inaction. Following the Order Staying Appeal, the Debtor could have reported back to the Court of Appeals (as directed) that the City was not proceeding to seek relief with the bankruptcy court and requested the appeal proceed with or without the City's

Based on the foregoing, the Court hereby orders that Debtor's motions are granted in part, and denied in part, as follows:

1) granted to the extent that the bankruptcy stay of 11 U.S.C. § 362(a) does not stay the Debtor from proceeding with its appeal (CA-CV 18-0154);

2) granted to the extent that the bankruptcy stay of 11 U.S.C. § 362(a) *does* stay the City of Scottsdale from attempting to collect on the judgment awarded to it in the state court action;

3) denied to the extent that the Court finds the City (and its agents) did not violate the bankruptcy stay by filing *Appellees' Notice of Bankruptcy Filing And Request to Stay Proceedings* in CA-CV 18-0154 or by failing to file a motion for relief in this Court; and

4) denied to the extent, that there has been no contempt and no damages will issue.

**ORDERED ACCORDINGLY.**

. . .

. . .

. . .

---

participation. He could also have attempted to persuade this Court to lift the stay as to the City, if he believed the stay impeded the City's participation in the appeal. He did none of these things. Further, his suggestion that the City exposed him to sanctions rings hollow insofar as the sanctions are wholly within his control, as they are to be considered only in the event Debtor fails to notify the Court of Appeals of any orders issued in the bankruptcy that affect the stay.

1 | Copies emailed this 9th day of December 2019, to:

2

Mark E. Stuart
3 | 8629 E. Cheryl Drive
Scottsdale, AZ 85258
4 | Email: mstuart1789@gmail.com
Debtor

5

Katherine Anderson Sanchez
6 | DICKINSON WRIGHT PLLC
1850 N. Central Avenue
7 | Suite 1400
Phoenix, AZ 85004
8 | Email: ksanchez@dickinsonwright.com
Attorneys for City of Scottsdale

9

By: /s/Rachael M. Stapleton
10 |     Judicial Assistant