**ORDERED ACCORDINGLY.**

Dated: June 30, 2020

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

## Minute Entry

*Brenda K. Martin, Bankruptcy Judge*

### Hearing Information:

**Debtor:** MARK E STUART
**Case Number:** 2:19-BK-05481-BKM **Chapter:** 13
**Date / Time / Room:** THURSDAY, JUNE 25, 2020 11:00 AM TELEPHONIC HRGS
**Bankruptcy Judge:** BRENDA K. MARTIN
**Courtroom Clerk:** ELIZABETH PASCUA
**Reporter / ECR:** N/A

### Matters:

1) ORAL ARGUMENT RE: 2004 ISSUES AND MOTION TO QUASH
   R / M #: 88 / 0

2) ORAL ARGUMENT RE: LEGAL ISSUES IN DEBTOR'S OBJECTION TO CLAIM FILED BY CITY OF SCOTTSDALE
   R / M #: 61 / 0

3) STATUS HEARING ON PLAN CONFIRMATION
   R / M #: 0 / 0

### Appearances:

RACHEL FLINN, ATTORNEY FOR RUSSELL BROWN
CAROLYN JOHNSEN, ATTORNEY FOR CITY OF SCOTTSDALE
ERIC ANDERSON, CITY ATTORNEY FOR CITY OF SCOTTSDALE
MARK STUART
LEONARD MCDONALD, ATTORNEY FOR CHASE BANK

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)... 2:19-BK-05481-BKM         THURSDAY, JUNE 25, 2020 11:00 AM

## *Proceedings:*

Mr. McDonald responds to the Court's questions. He is here for the status hearing on plan confirmation.

The parties and the Court discuss hearing the status hearing on confirmation first.

**MATTER 3)**

Ms. Flinn provides an update. The trustee issued a recommendation on the third amended plan. She refers to the objections that need to be resolved before confirmation and to the delinquent plan payments. She responds to the Court's questions. The two plan objections are by JPMorgan Chase and the City of Scottsdale. She recommends setting a continued status when the objection by the City of Scottsdale is resolved. She thinks the JPMorgan Chase objection can be resolved. She suggests a continued hearing in 90 days.

Mr. Stuart responds that he thought the Chase objection was resolved. He thinks Chase was to submit an order to the Court. He got something from Chase yesterday but has not had a chance to look at it.

Mr. McDonald states Mr. Stuart is correct. The objection is resolved and was agreed upon on 03-10-2020. He sent a stipulation to Mr. Stuart yesterday. He is ready to sign off on the SOC. He responds to the Court's questions.

Ms. Johnsen thinks continuing the status hearing 90 days is too long. She notes the debtor indicated he would not have any income after the end of the year. She suggests setting a continued hearing in 30 days or require an amended plan be filed in a certain time.

Mr. Stuart responds to the Court's questions. He doesn't know what his circumstances will be. He found an attorney to help with plan confirmation. The issues have to be resolved first before they will help him. He needs more time. He is close to disposable income now and doesn't have a projected income after 12-31-2020. He thinks he might have something lined up by the middle of August. As he reads the law, he only has to commit to paying the disposable income.

COURT: THE COURT NOTES THE DEBTOR MIGHT BE GETTING COUNSEL AND WILL SET A CONTINUED HEARING IN 30 DAYS. THE COURT WILL LIKELY SET DEADLINES AT THAT POINT IF AN AMENDED PLAN HAS NOT ALREADY BEEN FILED. THE COURT THINKS THE FIRST ISSUE TO BE HEARD MIGHT BE USEFUL FOR THE TRUSTEE. IT IS ORDERED SETTING A CONTINUED TELEPHONIC HEARING FOR 07-28-2020 AT 11:00 AM.

Mr. Stuart asks what will be discussed on 07-28-2020.

COURT: THE COURT MAY SET A DEADLINE TO FILE AN AMENDED PLAN IF AN AMENDED PLAN HAS NOT ALREADY BEEN FILED.

**MATTER 2)**

Mr. Stuart presents oral argument. He responds to the Court's questions.

Ms. Johnsen presents oral argument. She responds to the Court's questions.

Mr. Stuart refers to case law and Arizona law.

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)... 2:19-BK-05481-BKM        THURSDAY, JUNE 25, 2020 11:00 AM

COURT: THE COURT PLACES ITS FINDINGS AND RULING ON THE RECORD. THE COURT REFERS TO CASE LAW. THE COURT FINDS THE CLAIM IS NOT CONTINGENT. FOR THE REASONS STATED ON THE RECORD, THE COURT FINDS THE DEBTOR DOES NOT NEED TO FILE AN ADVERSARY OR A MOTION TO SET ASIDE THE JUDGMENT BECAUSE THE COURT FINDS THE JUDGMENT DOES NOT ATTACH. THE COURT DISCUSSES ITS PRACTICE REGARDING AN ADVERSARY ACTION OR A MOTION TO SET ASIDE A JUDGMENT LIEN. THE COURT AGREES WITH THE DEBTOR'S ANALYSIS. THE COURT RULES THE CITY'S CLAIM IS NOT SECURED BY THE DEBTOR'S HOMESTEAD. THE COURT CONCLUDES THE CITY'S LIEN DOES NOT ATTACH TO THE DEBTOR'S HOMESTEAD IN MARICOPA. THE COURT FINDS THE CITY HAS A CLAIM AGAINST THE DEBTOR AND RULES IT WILL NOT BE DISALLOWED. IT IS ORDERED THE CLAIM DOES NOT ATTACH TO THE HOMESTEAD IN MARICOPA COUNTY.

**MATTER 1)**

Mr. Stuart presents oral argument. He responds to the Court's questions.

Ms. Johnsen presents oral argument. She responds to the Court's questions.

Mr. Stuart understands the claim is allowed. He reviews the documents requested.

COURT: THE COURT PLACES ITS FINDINGS AND RULING ON THE RECORD. THE COURT FINDS THE CITY IS ENTITLED TO THE INFORMATION IT IS SEEKING. THE COURT FINDS NO GROUNDS TO OVERTURN ITS ORDER. IT IS ORDERED DENYING THE MOTION TO QUASH. THE COURT NOTES THE CITY AGREED TO CONCESSIONS IN DOCKET NUMBER 161. THE COURT WILL INCORPORATE IT INTO THE RECORD. THE COURT DIRECTS THE DEBTOR TO PRODUCE THE DOCUMENTS AS AMENDED IN DOCKET ENTRY NUMBER 161. IT IS ORDERED ALLOWING THE DEBTOR 30 DAYS TO RESPOND TO THE DOCUMENT REQUEST.

Ms. Johnsen responds to the Court's questions. She does not want to set the exam at this time. She wants to review the documents. She will provide 10 days notice or will have an agreed date.

COURT: THE COURT RECOMMENDS THE PARTIES WORK TOGETHER. THE COURT NOTES THE MOTION TO QUASH IS DENIED, THE DOCUMENT PRODUCTION IS MODIFIED AS REFLECTED IN DOCKET NUMBER 161, AND THE DOCUMENTS ARE TO BE PRODUCED IN 30 DAYS. THE EXAMINATION DATE AND TIME WILL BE AGREED TO OR WILL BE AT LEAST A 14 DAY NOTICE. THE COURT DIRECTS MS. JOHNSEN TO UPLOAD A SHORT AND SUCCINCT ORDER, TO EMAIL A COPY TO MR. STUART BEFOREHAND, AND WHEN IT IS UPLOADED, INDICATE IN THE NOTICE OF LODGING MR. STUART HAS SEEN IT.